UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAY - 7 2003
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

LARA W. LAUDER,            )
                           )
    Plaintiff,             )
                           )
v.                         )   No. 4:02-CV-1947 CAS
                           )
BEKINS MOVING & STORAGE    )
COMPANY, INC.,             )
                           )
    Defendant.             )

## MEMORANDUM AND ORDER

By Order dated March 10, 2003, the Court granted the parties twenty days to file memoranda addressing whether the Court has subject matter jurisdiction over this matter, after a preliminary review of the file indicated subject matter jurisdiction might be lacking. Defendant filed a memorandum in support of jurisdiction; plaintiff did not file a memorandum. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this matter and must remand the same to state court.

### Background.

This case was originally filed in state court, and was removed by defendant Bekins Moving & Storage Company, Inc. on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, 1337, 1441 and 1445, and 49 U.S.C. § 14706. Defendant states that plaintiff's claim seeks recovery for cargo loss and damage arising from a shipment moved by defendant in interstate commerce. In a subsequent notice of motion to dismiss, defendant states that the claims asserted in plaintiff's petition are preempted by the remedies provided in the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

#14

Plaintiff's petition asserts state law claims for breach of contract, damage to personal property, vexatious delay and refusal to settle, fraud and civil conspiracy. The petition does not contain allegations regarding the parties' citizenship, and does not seek a particular dollar amount in damages.

The Court has the duty to determine its jurisdiction, and to raise the issue of subject matter jurisdiction sua sponte, if necessary. See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court therefore turns to the issue of subject matter jurisdiction.

**Legal Standard**.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). In determining whether a claim "arises under" federal law, courts must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)), cert. denied, 532 U.S. 921 (2001).[1]

In most instances, the presence or absence of a federal question is governed by the well-pleaded complaint rule "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. A plaintiff is the master of his complaint, and may avoid federal removal jurisdiction by exclusive reliance on state law. Id. "Congress has long since decided that federal defenses do not provide a basis for removal." Id. at 399. "Thus, a case may not be removed to federal court on the basis of a defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (internal quotations and alterations omitted).

There are limited circumstances, however, in which the presentation of a federal defense will give rise to federal jurisdiction. The doctrine of complete preemption is a narrow exception to the well-pleaded complaint rule. Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000).

---

[1] There is no allegation that complete diversity of citizenship exists in this case, and there is no basis in the record for a determination that plaintiff seeks damages in excess of the jurisdictional amount of $75,000.00. See 28 U.S.C. § 1332.

3

Complete preemption applies in circumstances where certain federal statutes are deemed to possess "'extraordinary pre-emptive power,' a conclusion courts reach reluctantly." Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). Under the doctrine, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393. "Whether federal law pre-empts a state-law cause of action is a question of congressional intent." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994). Courts "must determine whether Congress has clearly manifested an intent to make a cause of action pleaded under state law removable to federal court, mindful that in the ordinary case federal preemption is merely a defense to a plaintiff's lawsuit." Magee v. Exxon Corp., 135 F.3d 599, 602 (8th Cir. 1998) (internal citation omitted).

Complete preemption must be distinguished from the ordinary preemption of state law by federal law, although the two categories of preemption have often been conflated:

> [U]se of the term "preemption" in this context has caused a substantial amount of confusion between the complete preemption doctrine and the broader and more familiar doctrine of ordinary preemption. For that reason, it is worth pointing out that: complete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction, while ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court.

Smith v. GTE Corp, 236 F.3d 1292, 1313 (11th Cir. 2001) (internal citations and quotations omitted).

**Discussion**.

Defendant's removal of this action is based on the preemptive force of the Carmack Amendment. Because a case may not be removed to federal court on the basis of a federal defense, Rivet, 522 U.S. at 475, removal of this case is proper only if the Carmack Amendment completely preempts plaintiff's state law claims.

In its memorandum in support of jurisdiction, defendant relies on the proposition that it is well settled federal law exclusively governs the rights, obligations and liability of an interstate carrier under an interstate bill of lading. Defendant asserts that plaintiff cannot defeat removal in this case by artfully failing to plead the applicable federal law governing her claim, the Carmack Amendment. Defendant notes the basis for its removal is not complete preemption, but rather that its liability to plaintiff, if any, is exclusively governed by federal law and therefore it is entitled to remove this case "as a matter of statutory right." Def.'s Mem. Supp. at 10.

Thus, defendant's asserted basis for removal jurisdiction is ordinary preemption, which does not give this Court removal jurisdiction over this action. A case may not be removed to federal court on the basis of a federal defense, Rivet, 522 U.S. at 475, except in the limited circumstance of complete preemption, Krispin, 218 F.3d at 922, where a federal statute possesses "extraordinary preemptive power." Metropolitan Life, 481 U.S. at 65; State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1108 (8th Cir.), cert. denied, 527 U.S. 1039 (1999). To determine whether this extraordinary preemptive power exists, courts must determine whether Congress clearly manifested its intent to make a cause of action pleaded under state law removable to federal court, "mindful that in the ordinary case federal preemption is merely a defense to a plaintiff's lawsuit." Magee, 135 F.3d at 602.

5

The Supreme Court has approved the use of complete preemption in only three areas: (1) claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 141, et seq., see Avco Corp. v. Aero Lodge No. 735, Int'l. Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 561-62 (1968); (2) claims under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., by a participant or beneficiary, see Metropolitan Life, 481 U.S. at 66-67; and (3) claims alleging a present right to possession of Indian tribal lands, see Oneida Indian Nation v. County of Oneida, 414 U.S. 661 (1974). "[T]he prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court." Metropolitan Life at 69 (J. Brennan, concurring).

The Eighth Circuit has not addressed whether Congress intended the Carmack Amendment to completely preempt state law claims so as to permit removal to federal court. Although district court opinions on the issue are divided, the two circuits which have addressed the issue have persuasively held that the Carmack Amendment does not completely preempt state law claims for purposes of establishing removal jurisdiction. See Hunter v. United Van Lines, 746 F.2d 635 (9th Cir. 1984); Beers v. North American Van Lines, Inc., 836 F.2d 910 (5th Cir. 1988). This Court has also held that the Carmack Amendment does not completely preempt state law claims for purposes of removal. See Karnes v. Poplar Bluff Transfer Co., No. 1:98-CV-98 CAS (E.D. Mo. Oct. 27, 1999).

The Court finds the statutory text of the Carmack Amendment lacks the extraordinary preemptive power indicating congressional intent to convert a state-law complaint "into one stating a federal claim for purposes of the well-pleaded complaint rule." Metropolitan Life, 481 U.S. at 65. The Carmack Amendment provides that a civil action may be brought in state court or federal district

6

court, and sets forth venue provisions for both state and federal systems. 49 U.S.C. § 14706(d). In addition, 28 U.S.C. § 1337(a) states that original federal question jurisdiction over Carmack Amendment claims is limited to actions for which the amount in controversy for each bill of lading is in excess of $10,000. These jurisdictional provisions, which expressly contemplate Carmack Amendment actions in state as well as federal courts, and which restrict federal jurisdiction by an amount in controversy requirement, are very different from statutes which have been found to warrant complete preemption. See, e.g., Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("[suits] may be brought in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties"). Moreover, nothing in the legislative history of the Carmack Amendment indicates that the amendment's jurisdictional language is intended to establish complete preemption. See Circle Redmont, Inc. v. Mercer Transp. Co., Inc., 78 F.Supp.2d 1316 (M.D. Fla. 1999).

**Conclusion.**

For these reasons, the Court concludes it lacks removal jurisdiction over plaintiff's claims. This conclusion does not preclude the parties from litigating about the ordinary preemptive effect of the Carmack Amendment in subsequent state court litigation.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri, from which it was removed, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

An appropriate order of remand will accompany this memorandum and order.

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2003.

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 05/07/03 by mcrayton
                4:02cv1947    Lauder vs Bekins Moving Co

49:11702(a)(4) Violations of Interstate Commerce Act

Joseph Dickerson -  118471        Fax: 314-367-0890
Joseph Rebman -  4138             Fax: 314-725-1026

SCANNED & FAXED by C.D.O. MAY -7 2003

Certified copy to: Mariano Favazza, Clerk
    Circuit Court of the City of St. Louis
    State of Missouri
    11th and Tucker
    St. Louis, Mo. 63101